UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY CROUCH,<br><br>           Petitioner,<br><br>     v.<br><br>RALPH DIAZ, Warden,<br><br>           Respondent. | ) 1:12-cv—01657-SKO-HC<br>)<br>) ORDER DENYING PETITIONER'S MOTION<br>) TO STAY THE PETITION PURSUANT TO<br>) <u>RHINES v. WEBER</u> (Doc. 2)<br>)<br>) ORDER TO PETITIONER TO SHOW CAUSE<br>) IN THIRTY (30) DAYS WHY THE<br>) PETITION SHOULD NOT BE DISMISSED<br>) FOR PETITIONER'S FAILURE TO<br>) EXHAUST STATE COURT REMEDIES<br>) (Doc. 1) |

<u>DEADLINE: THIRTY (30) DAYS</u>

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on November 2, 2012 (doc. 5).  Pending before the Court are the petition and Petitioner's motion for a stay of the proceedings, which were filed on October 10, 2012.

   I.   <u>Screening the Petition</u>

   Rule 4 of the Rules Governing § 2254 Cases in the United

1

1   States District Courts (Habeas Rules) requires the Court to make
2   a preliminary review of each petition for writ of habeas corpus.
3   The Court must summarily dismiss a petition "[i]f it plainly
4   appears from the petition and any attached exhibits that the
5   petitioner is not entitled to relief in the district court...."
6   Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
7   1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
8   1990).  Habeas Rule 2(c) requires that a petition 1) specify all
9   grounds of relief available to the Petitioner; 2) state the facts
10  supporting each ground; and 3) state the relief requested.
11  Notice pleading is not sufficient; the petition must state facts
12  that point to a real possibility of constitutional error.  Rule
13  4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,
14  915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75
15  n.7 (1977)).  Allegations in a petition that are vague,
16  conclusory, or palpably incredible are subject to summary
17  dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

18       The Court may dismiss a petition for writ of habeas corpus
19  either on its own motion under Habeas Rule 4, pursuant to the
20  respondent's motion to dismiss, or after an answer to the
21  petition has been filed.  Advisory Committee Notes to Habeas Rule
22  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
23  (9th Cir. 2001).  A petition for habeas corpus should not be
24  dismissed without leave to amend unless it appears that no
25  tenable claim for relief can be pleaded were such leave granted.
26  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

27       Petitioner alleges that he is an inmate of the California
28  Substance Abuse Treatment Facility at Corcoran, California

2

(CSATF), serving a sentence imposed in Kern County Superior Court case number MF008710A for failing to register as a sex offender in violation of Cal. Pen. Code § 290.  (Pet., doc. 1, 1.)

Petitioner alleges the following claims in the petition: 1) the sentencing court failed to give proper weight to mitigating factors in sentencing Petitioner and thereby violated Petitioner's due process liberty interest in being sentenced correctly and in having the sentencing rules applied in an even-handed manner; 2) trial counsel rendered ineffective assistance of counsel within the purview of Strickland v. Washington, 466 U.S. 668 (1984) by failing to make a Pitchess motion with respect to the arresting officer; and 3) trial counsel rendered ineffective assistance in violation of the Strickland standard by stipulating that Petitioner actually knew that he had to register as a sex offender under Cal. Pen. Code § 290 in any location where he resided – an element of the crime that the prosecution otherwise needed to prove beyond a reasonable doubt. (Id. at 2.)

II.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

///

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state

4

court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted

claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner admits that he failed to exhaust state court remedies as to his ineffective assistance claims. Further, although he alleges that state court remedies as to the sentencing claim were "fully and fairly exhausted" (pet., doc. 1 at 2), he does not specifically describe the state proceedings undertaken with respect to the sentencing claim. Petitioner attaches to his petition a copy of the unpublished appellate decision of the Court of Appeal of the State of California, Fifth Appellate District (CCA). (Id. at 31-68.) That decision shows that the Court addressed two sentencing claims: 1) abuse of the trial court's discretion in failing to grant a motion to strike prior convictions pursuant to Cal. Pen. Code § 1385, and 2) imposition of a sentence in violation of the prohibition against cruel or unusual punishment. (Id. at 55-68.) However, Petitioner did not raise the precise sentencing issue he raises before this Court, namely, whether the failure to weigh mitigating factors properly violated Petitioner's due process liberty interest in being sentencing correctly and even-handedly. Further, Petitioner did not attach the petition for review he filed in the California Supreme Court.

Accordingly, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his numerous claims to the California Supreme Court and received a decision from that court. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has otherwise presented

his claims to the California Supreme Court and simply neglected to inform this Court.

### III.  Motion for a Stay

Petitioner moves for a stay of the proceedings in this action in order to permit him to complete exhaustion of state court remedies.  Petitioner seeks a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  (Mot., doc. 2, 1-3.)

A district court has discretion to stay a petition which it may validly consider on the merits.  Rhines v. Weber, 544 U.S. at 276; King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009).  A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Rhines, 544 U.S. at 276-77.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Id. at 277-78.  A stay of a mixed petition pursuant to Rhines is required only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics.  Id.

Here, Petitioner admits that two of the claims are unexhausted but makes no offer to withdraw the unexhausted

7

claims.  The Court, therefore, interprets Petitioner's motion as characterized by Petitioner, namely, as a motion for a stay pursuant to Rhines v. Weber.

In view of the limited record before the Court at this stage of the proceedings, the Court cannot conclude that Petitioner's claims concerning the allegedly ineffective assistance of counsel and the unconstitutionality of Petitioner's sentence are without merit.  Further, it does not appear that Petitioner has been intentionally dilatory, although Petitioner does not explain his delay in exhausting state court remedies.

However, Petitioner has not made a showing of good cause. The mere fact that Petitioner is alleging ineffective assistance of counsel does not entitle him to relief.  This would run counter to the directions in Rhines that stays be available only in limited circumstances.  Accordingly, the Court concludes that because Petitioner has not demonstrated good cause, he is not entitled to a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  Therefore, Petitioner's motion for a stay is DENIED.

IV.   Order to Show Cause

Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition for review filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  If Petitioner has exhausted only some of his claims, the petition must be dismissed as a mixed petition.  Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies as to all the claims in his petition. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

**IT IS SO ORDERED.**

**Dated:  November 6, 2012**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE