1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                     EASTERN DISTRICT OF CALIFORNIA
8
9  CODY CROUCH,                    ) 1:12-cv—01657-SKO-HC
                                   )
10              Petitioner,        ) ORDER DENYING PETITIONER'S MOTION
                                   ) TO STAY THE PETITION PURSUANT TO
11      v.                         ) RHINES v. WEBER (Doc. 2)
                                   )
12                                 ) ORDER TO PETITIONER TO SHOW CAUSE
    RALPH DIAZ, Warden,            ) IN THIRTY (30) DAYS WHY THE
13                                 ) PETITION SHOULD NOT BE DISMISSED
                Respondent.        ) FOR PETITIONER'S FAILURE TO
14                                 ) EXHAUST STATE COURT REMEDIES
    _____) (Doc. 1)
15
                        DEADLINE: THIRTY (30) DAYS
16

17      Petitioner is a state prisoner proceeding pro se and in

18  forma pauperis with a petition for writ of habeas corpus pursuant

19  to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

20  Petitioner has consented to the jurisdiction of the United States

21  Magistrate Judge to conduct all further proceedings in the case,

22  including the entry of final judgment, by manifesting consent in

23  a signed writing filed by Petitioner on November 2, 2012 (doc.

24  5).  Pending before the Court are the petition and Petitioner's

25  motion for a stay of the proceedings, which were filed on October

26  10, 2012.

27      I.   Screening the Petition

28      Rule 4 of the Rules Governing § 2254 Cases in the United

                                  1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

     The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

     Petitioner alleges that he is an inmate of the California Substance Abuse Treatment Facility at Corcoran, California

1  (CSATF), serving a sentence imposed in Kern County Superior Court
2  case number MF008710A for failing to register as a sex offender
3  in violation of Cal. Pen. Code § 290.  (Pet., doc. 1, 1.)

4      Petitioner alleges the following claims in the petition: 1)
5  the sentencing court failed to give proper weight to mitigating
6  factors in sentencing Petitioner and thereby violated
7  Petitioner's due process liberty interest in being sentenced
8  correctly and in having the sentencing rules applied in an even-
9  handed manner; 2) trial counsel rendered ineffective assistance
10 of counsel within the purview of Strickland v. Washington, 466
11 U.S. 668 (1984) by failing to make a Pitchess motion with respect
12 to the arresting officer; and 3) trial counsel rendered
13 ineffective assistance in violation of the Strickland standard by
14 stipulating that Petitioner actually knew that he had to register
15 as a sex offender under Cal. Pen. Code § 290 in any location
16 where he resided – an element of the crime that the prosecution
17 otherwise needed to prove beyond a reasonable doubt.  (Id. at 2.)

18      II.   Exhaustion of State Court Remedies

19      A petitioner who is in state custody and wishes to challenge
20 collaterally a conviction by a petition for writ of habeas corpus
21 must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
22 The exhaustion doctrine is based on comity to the state court and
23 gives the state court the initial opportunity to correct the
24 state's alleged constitutional deprivations.  Coleman v.
25 Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
26 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
27 1988).

28 ///

1    A petitioner can satisfy the exhaustion requirement by

2   providing the highest state court with the necessary jurisdiction

3   a full and fair opportunity to consider each claim before

4   presenting it to the federal court, and demonstrating that no

5   state remedy remains available. Picard v. Connor, 404 U.S. 270,

6   275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

7   1996).  A federal court will find that the highest state court

8   was given a full and fair opportunity to hear a claim if the

9   petitioner has presented the highest state court with the claim's

10  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365

11  (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

12  (1992), superceded by statute as stated in Williams v. Taylor,

13  529 U.S. 362 (2000) (factual basis).

14   Additionally, the petitioner must have specifically told the

15  state court that he was raising a federal constitutional claim.

16  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

17  (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala

18  v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

19  133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United

20  States Supreme Court reiterated the rule as follows:

21        In Picard v. Connor, 404 U.S. 270, 275...(1971),
       we said that exhaustion of state remedies requires that
22       petitioners "fairly presen[t]" federal claims to the
       state courts in order to give the State the
23       "'opportunity to pass upon and correct' alleged
       violations of the prisoners' federal rights" (some
24       internal quotation marks omitted). If state courts are
       to be given the opportunity to correct alleged violations
25       of prisoners' federal rights, they must surely be
       alerted to the fact that the prisoners are asserting
26       claims under the United States Constitution. If a
       habeas petitioner wishes to claim that an evidentiary
27       ruling at a state court trial denied him the due
       process of law guaranteed by the Fourteenth Amendment,
28       he must say so, not only in federal court, but in state

4

1  court.

2  <u>Duncan</u>, 513 U.S. at 365-366.   The Ninth Circuit examined the rule

3  further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir.

4  2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th

5  Cir. 2001), stating:

6        Our rule is that a state prisoner has not "fairly
         presented" (and thus exhausted) his federal claims
7        in state court unless he specifically indicated to
         that court that those claims were based on federal law.
8        <u>See</u>, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir.
         2000). Since the Supreme Court's decision in <u>Duncan</u>,
9        this court has held that the petitioner must make the
         federal basis of the claim explicit either by citing
10       federal law or the decisions of federal courts, even
         if the federal basis is "self-evident," <u>Gatlin v. Madding</u>,
11       189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v.</u>
         <u>Harless</u>, 459 U.S. 4, 7... (1982)), or the underlying
12       claim would be decided under state law on the same
         considerations that would control resolution of the claim
13       on federal grounds, see, <u>e.g.</u>, <u>Hiivala v. Wood</u>, 195
         F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>,
14       88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d
         at 865.
15       ...
         In <u>Johnson</u>, we explained that the petitioner must alert
16       the state court to the fact that the relevant claim is a
         federal one without regard to how similar the state and
17       federal standards for reviewing the claim may be or how
         obvious the violation of federal law is.
18
19  <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as

20  amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir.

21  2001).

22       Where none of a petitioner's claims has been presented to

23  the highest state court as required by the exhaustion doctrine,

24  the Court must dismiss the petition.   <u>Raspberry v. Garcia</u>, 448

25  F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478,

26  481 (9th Cir. 2001).   The authority of a court to hold a mixed

27  petition in abeyance pending exhaustion of the unexhausted claims

28  has not been extended to petitions that contain no exhausted

1    claims.  <u>Raspberry</u>, 448 F.3d at 1154.

2        Here, Petitioner admits that he failed to exhaust state

3    court remedies as to his ineffective assistance claims.  Further,

4    although he alleges that state court remedies as to the

5    sentencing claim were "fully and fairly exhausted" (pet., doc. 1

6    at 2), he does not specifically describe the state proceedings

7    undertaken with respect to the sentencing claim.  Petitioner

8    attaches to his petition a copy of the unpublished appellate

9    decision of the Court of Appeal of the State of California, Fifth

10   Appellate District (CCA).  (<u>Id.</u> at 31-68.)  That decision shows

11   that the Court addressed two sentencing claims:  1) abuse of the

12   trial court's discretion in failing to grant a motion to strike

13   prior convictions pursuant to Cal. Pen. Code § 1385, and 2)

14   imposition of a sentence in violation of the prohibition against

15   cruel or unusual punishment.  (<u>Id.</u> at 55-68.)  However,

16   Petitioner did not raise the precise sentencing issue he raises

17   before this Court, namely, whether the failure to weigh

18   mitigating factors properly violated Petitioner's due process

19   liberty interest in being sentencing correctly and even-handedly.

20   Further, Petitioner did not attach the petition for review he

21   filed in the California Supreme Court.

22        Accordingly, upon review of the instant petition for writ of

23   habeas corpus, it appears that Petitioner has not presented his

24   numerous claims to the California Supreme Court and received a

25   decision from that court.  If Petitioner has not presented all of

26   his claims to the California Supreme Court, the Court cannot

27   proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

28   It is possible, however, that Petitioner has otherwise presented

                                    6

his claims to the California Supreme Court and simply neglected to inform this Court.

III. <u>Motion for a Stay</u>

Petitioner moves for a stay of the proceedings in this action in order to permit him to complete exhaustion of state court remedies. Petitioner seeks a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). (Mot., doc. 2, 1-3.)

A district court has discretion to stay a petition which it may validly consider on the merits. <u>Rhines v. Weber</u>, 544 U.S. at 276; <u>King v. Ryan</u>, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition may be stayed either under <u>Rhines</u>, or under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). <u>King v. Ryan</u>, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

Under <u>Rhines</u>, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). <u>Rhines</u>, 544 U.S. at 276-77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. at 277-78. A stay of a mixed petition pursuant to <u>Rhines</u> is required only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. <u>Id</u>.

Here, Petitioner admits that two of the claims are unexhausted but makes no offer to withdraw the unexhausted

claims.  The Court, therefore, interprets Petitioner's motion as characterized by Petitioner, namely, as a motion for a stay pursuant to Rhines v. Weber.

In view of the limited record before the Court at this stage of the proceedings, the Court cannot conclude that Petitioner's claims concerning the allegedly ineffective assistance of counsel and the unconstitutionality of Petitioner's sentence are without merit.  Further, it does not appear that Petitioner has been intentionally dilatory, although Petitioner does not explain his delay in exhausting state court remedies.

However, Petitioner has not made a showing of good cause. The mere fact that Petitioner is alleging ineffective assistance of counsel does not entitle him to relief.  This would run counter to the directions in Rhines that stays be available only in limited circumstances.  Accordingly, the Court concludes that because Petitioner has not demonstrated good cause, he is not entitled to a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  Therefore, Petitioner's motion for a stay is DENIED.

IV.  Order to Show Cause

Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition for review filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  If Petitioner has exhausted only some of his claims, the petition must be dismissed as a mixed petition.  Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

8

1     Accordingly, Petitioner is ORDERED to show cause why the

2 petition should not be dismissed for Petitioner's failure to

3 exhaust state remedies as to all the claims in his petition.

4 Petitioner is ORDERED to inform the Court what claims have been

5 presented to the California Supreme Court within thirty (30) days

6 of the date of service of this order.

7     Petitioner is forewarned that failure to follow this order

8 will result in dismissal of the petition pursuant to Local Rule

9 110.

13 IT IS SO ORDERED.

14 **Dated:    November 6, 2012**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE