UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY CROUCH, | ) 1:12-cv—01657-SKO-HC |
| | ) |
|       Petitioner, | ) ORDER DISCHARGING ORDER TO SHOW |
| | ) CAUSE (DOC. 6) |
| | ) |
|   v. | ) ORDER DISMISSING AS MOOT |
| | ) PETITIONER'S REQUEST FOR |
| RALPH DIAZ, Warden, | ) RECONSIDERATION OF PETITIONER'S |
| | ) MOTION FOR A STAY AND REQUEST TO |
|       Respondent. | ) AMEND THE PETITION (DOC. 7) |
| | ) |
| | ) ORDER DIRECTING THAT ANY FIRST |
| |   AMENDED PETITION BE FILED NO |
| |   LATER THAN THIRTY (30) DAYS AFTER |
| |   THE DATE OF SERVICE OF THIS ORDER |
| | |
| | INFORMATIONAL ORDER TO PETITIONER |
| | |
| | <u>DEADLINE: THIRTY (30) DAYS</u> |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in

1

a signed writing filed by Petitioner on November 2, 2012 (doc. 5). Pending before the Court are 1) the petition, which was filed on October 10, 2012; 2) Petitioner's response, filed on December 3, 2012, to the Court's previously issued order to show cause regarding exhaustion of state court remedies, and 3) Petitioner's motions for the Court to reconsider his previous motion for a stay of the proceedings and to amend the petition for writ of habeas corpus.

### I. Discharge of the Order to Show Cause

On November 6, 2012, the court issued an order to show cause directing Petitioner to show cause why the proceeding should not be dismissed for failure to exhaust state court remedies. Petitioner responded to the order to show cause on December 3, 2012 (doc. 7); thus, the order will be discharged.

### II. Reconsideration of the Court's Denial of Petitioner's Request for a Stay

Petitioner admittedly failed to exhaust state court remedies as to some of his claims. Accordingly, he requested a stay of the proceedings to complete the proceedings in the state courts to exhaust state court remedies as to the unexhausted claims.

The Court denied the stay and issued the order to show cause regarding exhaustion. In the response to the order to show cause, Petitioner requested that the Court reconsider his motion for a stay to permit completion of state court proceedings undertaken to exhaust state court remedies.

The Court will dismiss as moot Petitioner's motion for reconsideration of his motion to stay the proceedings because Petitioner's state court proceedings have concluded. In response

2

to the OSC, Petitioner argues that he exhausted all claims by means of a petition for review (doc. 7, 31), and a petition for writ of habeas corpus (doc. 7, 48), filed in the California Supreme Court.

A review of Petitioner's petitions, which are attached to his response to the order to show cause, and judicial notice of the docket of <u>People v. Crouch</u>, California Supreme Court case number S195409, in which a petition for review was denied on October 12, 2011, reveal that for purposes of screening the petition, Petitioner has exhausted state court remedies as to his sentencing claim.[1]  Further, from considering Petitioner's petitions and from taking judicial notice of the docket of <u>Crouch (Cody) on Habeas Corpus</u>, California Supreme Court case number S206185, in which a petition for writ of habeas corpus was denied on December 19, 2012, it appears for the purposes of screening the petition that Petitioner has exhausted state court remedies as to his claims concerning the ineffective assistance of counsel.

Accordingly, with respect to the claims alleged in the petition presently before the Court, it appears that state court remedies have been exhausted.  Therefore, there is no need for a stay, and the request for reconsideration will be dismissed as

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  <u>White v Martel</u>, 601 F.3d 882, 885 (9th Cir. 2010), <u>cert.</u> denied, 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.

3

moot.

### III. Motion to Amend the Petition

In his response to the order to show cause, Petitioner asks the Court to allow him to amend his federal habeas petition with all the issues raised within his state petitions. (Doc. 7, 1-2.)

The petition has not been served. It, therefore, appears that pursuant to Fed. R. Civ. P. 15(a), Petitioner may file a first amended petition without leave of the Court. Accordingly, it will be ordered that Petitioner's request to amend the petition be dismissed as moot.

This Court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the Court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). The proceedings have already been substantially delayed by Petitioner's failure to exhaust state court remedies before filing the petition. The Court has not been able to complete its screening process. To avoid any further delay and to facilitate the prompt readying of this case for a decision on the merits, the Court exercises its discretion to impose a deadline on Petitioner for filing a first amended petition.

Accordingly, it will be ordered that Petitioner may file his first amended petition no later than thirty (30) days after the date of service of this order.

Petitioner is INFORMED that a failure to file a first amended petition with exhaustion of state remedies clearly stated within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated for

Petitioner's failure to follow an order of the Court and prosecute the action. Petitioner is further advised that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

IV. Disposition

Accordingly, it is ORDERED that:

1) The order to show cause that issued on November 6, 2012, is DISCHARGED; and

2) Petitioner's request for reconsideration of his motion for a stay is DISMISSED as moot; and

3) Petitioner's request or motion to amend the petition is DISMISSED as moot; and

4) Petitioner shall FILE his first amended petition no later than thirty (30) days after the date of service of this order.

IT IS SO ORDERED.

**Dated:   January 16, 2013**             /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

5